[Cite as *State v. Hardy*, 2022-Ohio-686.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,              :

    v.                                          :

                                        No. 110230

TERRENCE HARDY,                            :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-647375-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl J. Mazzone, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Terrence Hardy appeals from his non-life indefinite felony sentence imposed under R.C. 2929.144. For the following reasons, we affirm Hardy's

convictions for second-degree felony drug trafficking and aggravated vehicular homicide.

{¶ 2} In CR-19-639276-A and CR-19-641047-A, Hardy was charged with several drug-related charges. Hardy failed to appear for trial in those matters, and a capias was issued. While absconding from the charges, Hardy was driving without a license, drifted left of the center line, and hit another vehicle head on — killing the driver of the oncoming vehicle. Based on the driving offense, another case, CR-647375-A was initiated.

{¶ 3} Hardy pleaded guilty to convictions for fifth-degree felony drug trafficking and a fifth-degree felony possessing criminal tools in CR-639276. In CR-641047, Hardy also pleaded guilty to a qualifying second-degree drug trafficking offense under the Reagan Tokes Law and a fifth-degree possessing criminal tools offense. And finally, in CR-647375 Hardy pleaded guilty to another qualifying second-degree felony aggravated vehicular homicide offense. At the time of his plea, the trial court indicated that because Hardy was pleading guilty to felonies of the second degree committed after the effective date of the Reagan Tokes Law, the sentencing provisions under R.C. 2929.144 and 2929.14(A)(1)(a) and (A)(2)(a) would apply. Taylor was sentenced to serve a non-life indefinite sentence for a minimum of eight years and a maximum of 12 years for the aggravated vehicular homicide offense in CR-647375; a minimum of four years and a maximum of six years for the drug trafficking offense in CR-641047, with those two sentences being

imposed to be served consecutively; and all other sentences, of lesser terms, imposed to be served concurrently thereto.

{¶ 4} In this appeal, Hardy claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury, (2) that the Reagan Tokes Law violates the separation-of-powers doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights.

{¶ 5} We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges Hardy advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *See id*. at ¶ 17-51. Hardy does not advance any novel argument left unaddressed by the *Delvallie* decision. As a result, Hardy's arguments claiming that the second-degree felony drug trafficking and aggravated vehicular homicide convictions, with sentences imposed under the Reagan Tokes Law, are void based on the same arguments presented in *Delvallie*, are overruled. All other convictions remain valid in light of Hardy's failure to advance any errors thereto. App.R. 16(A)(7).

{¶ 6} We affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

ANITA LASTER MAYS, J., and
MICHELLE J. SHEEHAN, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.